## UNITED STATES DISTRICT COURT
## DISCTRICT OF CONNECTICUT

---------------------------------------------------------x

| | | |
|---|---|---|
| ERIN MEAGHER | : | CIVIL ACTION NO. |
|     *Plaintiff* | : | |
| | : | |
| VS. | : | JURY TRIAL REQUESTED |
| | : | |
| ATRIA MANAGEMENT CO., LLC | : | |
|     *Defendant* | : | May 22, 2013 |

---------------------------------------------------------x

## COMPLAINT

### INTRODUCTION:

1.  This is action to redress sexual harassment, pregnancy, sex/gender, discrimination, unequal treatment, retaliation and wrongful termination of employment in violation of Title VII of the Civil Rights Act of 1964 (29 U.S.C. § 2000e *et seq.*) (hereinafter Title VII), race discrimination in violation of 42 U.S.C. § 1981 and in violation of the corresponding laws of Connecticut enumerated in Connecticut General Statutes § 46a-60(a)(1) and (4).

### PARTIES AND JURISDICTION:

2.  The Plaintiff, Erin Meagher (hereinafter referred to as "Plaintiff"), was and is a resident of the Town of East Hartford, State of Connecticut. Plaintiff is a female.

3.  The Defendant, Atria Management Co., LLC (hereinafter referred to as "Defendant" or "Defendant Company"), was and is a Delaware company with a place of business located at 1 Hamilton Heights Drive in the Town of West Hartford, State of Connecticut.

1

4.      Jurisdiction of this Court is invoked under the provisions of 28 U.S.C. §1331, federal question jurisdiction, as the Plaintiff's claims arise, *inter alia*, under the laws of the United States, specifically, Title VII.

5.      Plaintiff filed an administrative complaint with the Commission on Human Rights and Opportunities on or about September 27, 2012, and received a Release of Jurisdiction letter dated April 3, 2013. This action is being commenced within ninety (90) days of the Release of Jurisdiction letter, which is attached hereto as **Exhibit A**.

6.      Plaintiff further filed an administrative complaint with the U.S. Equal Employment Opportunity Commission on or about September 27, 2012, and received a release and right to sue letter dated April 9, 2013. This action is being commenced within ninety (90) days of the Right to Sue letter, which is attached hereto as **Exhibit B**.

**FACTS:**

1.      The Defendant operates an assisted living residential Facility for senior citizens age 65 and older located at the aforementioned West Hartford location (hereinafter referred to as "the Facility" or "Defendant's Facility").

2.      The Plaintiff was employed as a Certified Nurse's Aide ("CNA") at the Facility from approximately September 11, 2007 until the termination of my employment on August 16, 2012.

3.      Prior to Plaintiff's employment with the Defendant, she had known an employee of the Defendant who worked as a cook named Jose Arentinco.  The Plaintiff knew Mr. Arentinco as a friend of her mother.

4.      Occasionally, when Plaintiff would see Mr. Arentico at work, he would give Plaintiff a casual, friendly hug and he would ask Plaintiff how she was doing.

5.     However, in approximately late July and early August of 2012, on several occasions when Plaintiff greeted Mr. Arentico he attempted to kiss her.

6.     Though Plaintiff had known Mr. Arentico as an acquaintance, he had never said or done anything which might lead Mr. Arentico to believe that this was appropriate behavior.

7.     As a result of this unwelcome behavior Plaintiff did all that she could to avoid Mr. Arentico while at work. Plaintiff also intended to report his behavior to her supervisor when she returned from her vacation.

8.     However, before Plaintiff could take any step to report him, on August 13, 2012, Mr. Arentico approached Plaintiff while she was in the employee lunch area and pinched and twisted her nipples through her clothing.

9.     When Plaintiff overcame the initial shock of this incident, she pushed Mr. Arentico away from her and left for the employee lunch area.

10.     Shortly thereafter, Plaintiff approached Mr. Arentico's supervisor, Brian Carkey and reported the incident to him. Mr. Carkey instructed the Plaintiff to return to work and that he would take care of the situation.

11.     About an hour later, Mr. Carkey approached Plaintiff where she was working and presented her with some paperwork that he instructed Plaintiff to fill out and bring with her to a meeting which was scheduled for later that afternoon.

12.     When Plaintiff arrived at this meeting, a representative from the Defendant's Human Resources department was present, as was the Defendant's Executive Director, Keven Horan, and a nurse named Lexie Johnson.

3

13.    At this meeting, Mr. Horan informed the Plaintiff that the Defendant would investigate her complaint regarding Mr. Arentico and respond appropriately.

14.    The following morning, while setting up an area of the Alzheimer's unit at work, Plaintiff accidentally dropped a potted plant and gave herself a small cut to her left thumb less than ¼ of an inch in size.

15.    Plaintiff placed a bandage over the cut. The injury was so insignificant that Plaintiff normally would not have given it a second thought.

16.    However, just before lunch Plaintiff happened to speak with Frank Bernowsky, the Defendant's maintenance director, who noticed the bandage on Plaintiff's finger.

17.    Mr. Bernowsky stated to Plaintiff that she should report the injury to her supervisor, Joyce Farber, and go receive medical treatment from Concentra, the Defendant's employer sponsored medical facility.

18.    Plaintiff jokingly responded that the injury was so minor that Joyce would refuse to send her for medical treatment.

19.    Following this conversation, the Plaintiff forgot all about the minor cut and never mentioned it to anyone else at work.

20.    The following day, August 15, 2012 the Plaintiff was off from work.

21.    The Plaintiff returned to work on August 16, 2012. At approximately 10:00 am, Plaintiff received a call from Mr. Horan asking me to come meet him in the meeting room.

22.    When Plaintiff arrived at the meeting room, Mr. Horan was present, as was Ms. Farber, and the Defendant's Human Resources officer, Linda Fusaro.

4

23.    Immediately when Plaintiff walked into the room, Mr. Fusaro asked her "How is your hand feeling, we heard you cut it yesterday?"

24.    By this time Plaintiff had forgotten all about cutting her finger two days earlier. Additionally, Plaintiff was confused because she expected the meeting to be about the incident with Mr. Arentico. As a result, Plaintiff responded to Ms. Fusaro's question by stating that whe wasn't sure what Ms. Fusaro was talking about.

25.    Ms. Fusaro responded, "That's not what you told Frank. Frank reported to Joyce that you said she would not allow you to go to Concentra."

26.    Mr. Horan then stated, "I see you are lying again. There are discrepancies in your story regarding Jose Arentico."

27.    Upon hearing this comment, the Plaintiff became very upset and began to cry because it was apparent that the Defendant was using the cut incident as a pretext to terminate her employment.

28.    Ms. Fusaro then stated that she wanted Plaintiff to write a statement regarding the issue. As such, she got up and left the room to get paper for the Plaintiff to write a statement.

29.    When Ms. Fusaro returned a few minutes later, Plaintiff was still crying. Ms. Fusaro stated to Plaintiff that she obviously needed some time to relax, so the Defendant was going to suspend her without pay.

30.    Ms. Fusaro instructed the Plaintiff to bring the form home and fill out the paperwork and that she would be contacted to return from her suspension.

31.    The Plaintiff was then escorted out of the Defendant's Facility.

32.     Approximately a week later, on August 24, 2012, Plaintiff still had not heard anything for the Defendant, so she called Mr. Horan and left him a message inquiring as to her status. Mr. Horan called Plaintiff back later that day and stated he had no information as when she could return to work. He stated that he expected to have a meeting concerning the issue on August 27, 2012.

33.     Subsequently, August 27, 2012 came and went and Plaintiff still had not heard anything from Defendant regarding her status.

34.     On August 30, 2012, concerned that she was being retaliated against for reporting sexual harassment, Plaintiff reviewed the Defendant's employee hand book, which she had received at the time of her hire. Plaintiff noticed that the Defendant had a telephone number that employees could call if they believed that they were the victim of unlawful employment practices called Light House Services.

35.     Plaintiff called this number and reported Mr. Arentico's inappropriate physical contact and everything that had occurred subsequently. During the phone call, Plaintiff was asked by the person she spoke to whether she wanted the information she shared to be kept confidential. Plaintiff stated that she did.

36.     The following day, August 31, 2012, Plaintiff received a call from Ms. Fusaro, who stated to her, "I see that you called Light House Services and told them that you were suspended because you reported sexual harassment."

37.     Ms. Fusaro went on to claim that Plaintiff had actually been suspended for failing to report her injury. She also stated that the Defendant had investigated Plaintiff's report of the incident with Jose Arentico and was unable to substantiate her claims.

6

38.    Plaintiff was astounded by this response, and enquired from Ms. Fusaro if there was any update on her return to work. Ms. Fusaro replied that there was not and that Mr. Horan was still waiting to talk to people regarding Plaintiff's situation.

39.    On September 4, 2012, Plaintiff again called Mr. Horan to try to obtain an update as to when she would be able to return to work. At that time, Mr. Horan said that he had no update for Plaintiff, that she was still suspended without pay, and that he would let her know as soon as he had an answer for her.

40.    Thereafter, on September 5, 2012, Mr. Horan called the Plaintiff and informed her that her employment was being terminated.

**FIRST COUNT:**          **Sex / Gender Discrimination in Violation of Title VII, 42 U.S.C. § 2000e *et seq.* and Conn. Gen. Stat. 46a-60(a)(1)**

1.    The Plaintiff repeats and re-alleges paragraphs 1 through 40 above, and incorporates them as paragraphs 1 through 40 of this First Count as if fully stated herein.

41.    The foregoing conduct of the Defendant Company constitutes discrimination and wrongful termination against the plaintiff because of her sex/gender, which is a violation of Title VII and Conn. Gen. Stat. 46a-60(a)(1).

42.    As a result of the aforementioned discriminatory conduct of the Defendant Company, the Plaintiff has suffered a loss of income, lost wages, benefits, retirement benefits, medical benefits and termination of her employment.

43.    As a further result of the aforementioned discriminatory conduct of the Defendant Company, the Plaintiff has suffered severe emotional distress and a loss of ability to enjoy life's pleasures.

44.    As a further result of the aforementioned discriminatory conduct of the

7

Defendant Company, the Plaintiff has incurred legal fees and costs in order to obtain the rights to which she is entitled.

**SECOND COUNT:**     **Sexual Harassment in violation of Title VII, 42 U.S.C. § 2000e *et seq.* and C.G.S. § 46a-60(a)(8)**

1.     The Plaintiff repeats and re-alleges paragraphs 1 through 40 above, and incorporates them as paragraphs 1 through 40 of this Second Count as if fully stated herein.

41.     The foregoing conduct of the Defendant Company constitutes unwelcome sexual harassment and a hostile working environment.

42.     As a result of the Defendant Company's sexual harassment, Plaintiff has suffered a loss of income and employment benefits.

43.     As a further result of the Defendant Company's sexual harassment, Plaintiff has suffered severe emotional distress, including but not limited to, intimidation, embarrassment, stress, anxiety, frustration, and humiliation, which has limited her ability to enjoy life's pleasures.

36.     As a further result of the aforementioned conduct of Defendant Company, the Plaintiff has suffered and will continue to suffer in the future, considerable emotional and psychological pain and suffering.

37.     As a further result of Defendant Company's aforementioned conduct, the Plaintiff has incurred attorney's fees and costs in order to receive the rights to which she is entitled.

**THIRD COUNT:**     **Retaliation in Violation of Title VII, 42 U.S.C. § 2000e *et seq.* and C.G.S. § 46a-60(a)(4)**

1.     The Plaintiff repeats and re-alleges paragraphs 1 through 40 above, and

incorporates them as paragraphs 1 through 40 of this Fourth Count as if fully stated herein.

41.   The foregoing conduct of the Defendant constitutes retaliation.

42.   The actions of Defendant Company, were intended to retaliate against the Plaintiff, and ultimately terminate Plaintiff's employment because of she opposed discriminatory practices and engaged in a lawfully protected activity.

43.   As a result of the Defendant Company's retaliatory conduct, the Plaintiff has suffered loss compensation, including but not limited to, lost wages, fringe benefits, pension credits, lost seniority and front pay.

44.   Additionally, as a direct and proximate result of the Defendant Company's actions, as aforesaid, the Plaintiff has suffered emotional distress.

45.   Furthermore, as a result of the Defendant Company's actions, as aforesaid, the Plaintiff has been forced to spend legal fees and costs in order to obtain the rights to which she is entitled.

**WHEREFORE,** the Plaintiff prays for the following relief:

1. Assume jurisdiction over this matter;

2. Money damages;

3. Damages for lost wages and lost employment benefits;

4. Reinstatement or front pay;

5. Damages for emotional distress;

6. Punitive damages;

7. Reasonable attorney's fees and costs; and

7. Such other relief available and as the Court deems appropriate.

THE PLAINTIFF
ERIN MEAGHER

By: _____
Michael J. Reilly, Esq (ct 28651)
Cicchiello & Cicchiello LLP
364 Franklin Avenue
Hartford, Connecticut 06114
Tel: (860) 296-3457
Fax: (860) 296-0676
Email: mreilly@cicchielloesq.com
Her Attorneys

## UNITED STATES DISTRICT COURT
## DISCTRICT OF CONNECTICUT

```
-----------------------------------------------------------------x
```

| | | |
|---|---|---|
| ERIN MEAGHER | : | CIVIL ACTION NO. |
|     *Plaintiff* | : | |
| | : | |
| VS. | : | JURY TRIAL REQUESTED |
| | : | |
| ATRIA MANAGEMENT CO., LLC | : | |
|     *Defendant* | : | May 22, 2013 |

```
-----------------------------------------------------------------x
```

## REQUEST FOR TRIAL BY JURY

Plaintiff hereby requests trial by jury in the above-captioned matter.

21THE PLAINTIFF
ERIN MEAGHER

By: _____
Michael J. Reilly, Esq (ct 28651)
Cicchiello & Cicchiello LLP
364 Franklin Avenue
Hartford, Connecticut 06114
Tel: (860) 296-3457
Fax: (860) 296-0676
Email: mreilly@cicchielloesq.com
Her Attorneys

11

# **<u>EXHIBIT A</u>**

STATE OF CONNECTICUT
COMMISSION ON HUMAN RIGHTS AND OPPORTUNITIES

**Erin Meagher**
COMPLAINANT

CHRO No.  1310131
EEOC No.  16A-2013-00075

vs.

**Atria Senior Group, Inc.**
RESPONDENT

## RELEASE OF JURISDICTION

The Commission on Human Rights and Opportunities hereby releases its jurisdiction over the above-identified complaint.

The Complainant is authorized to commence a civil action in accordance with CONN. GEN. STAT. § 46a-100 against the Respondent in the Superior Court for the judicial district in which the discriminatory practice is alleged to have occurred or in which the Respondent transacts business.  If this action involves a state agency or official, it may be brought in the Superior Court for the judicial district of Hartford.

**A copy of any civil action brought pursuant to this release must be served on the Commission at 25 Sigourney Street, Hartford, CT 06106 at the same time all other parties are served. THE COMMISSION MUST BE SERVED BECAUSE IT HAS A RIGHT TO INTERVENE IN ANY ACTION BASED ON A RELEASE OF JURISDICTION PURSUANT TO CONN. GEN. STAT. § 46a-103.**

The Complainant must bring an action in Superior Court within 90 days of receipt of this release and within two years of the date of filing the complaint with the Commission unless circumstances tolling the statute of limitations are present.

April 3, 2013
DATE

*Robert J. Brothers*
Robert J. Brothers, Jr.
Executive Director

Service:
Complainant's Attorney, Michael J. Reilly, via email:  mreilly@cicchielloesq.com
Respondent's Attorney, Michael J. Passarella, via email:  passarem@jacksonlewis.com

# EXHIBIT B

EEOC Form 161-B (11/09)

## U.S. EQUAL EMPLOYMENT OPPORTUNITY COMMISSION

# NOTICE OF RIGHT TO SUE (ISSUED ON REQUEST)

| | |
|---|---|
| To: Erin Meagher<br>18 Ann Street<br>East Hartford, CT 06108 | From: Boston Area Office<br>John F. Kennedy Fed Bldg<br>Government Ctr, Room 475<br>Boston, MA 02203 |

☐ On behalf of person(s) aggrieved whose identity is CONFIDENTIAL (29 CFR §1601.7(a))

| EEOC Charge No. | EEOC Representative | Telephone No. |
|---|---|---|
| 16A-2013-00075 | Anne R. Giantonio,<br>Intake Supervisor | (617) 565-3189 |

(See also the additional information enclosed with this form.)

**NOTICE TO THE PERSON AGGRIEVED:**

**Title VII of the Civil Rights Act of 1964, the Americans with Disabilities Act (ADA), or the Genetic Information Nondiscrimination Act (GINA):** This is your Notice of Right to Sue, issued under Title VII, the ADA or GINA based on the above-numbered charge. It has been issued at your request. Your lawsuit under Title VII, the ADA or GINA **must be filed in a federal or state court WITHIN 90 DAYS** of your receipt of this notice; or your right to sue based on this charge will be lost. (The time limit for filing suit based on a claim under state law may be different.)

☐ More than 180 days have passed since the filing of this charge.

☒ Less than 180 days have passed since the filing of this charge, but I have determined that it is unlikely that the EEOC will be able to complete its administrative processing within 180 days from the filing of this charge.

☒ The EEOC is terminating its processing of this charge.

☐ The EEOC will continue to process this charge.

**Age Discrimination in Employment Act (ADEA):** You may sue under the ADEA at any time from 60 days after the charge was filed until 90 days after you receive notice that we have completed action on the charge. In this regard, the paragraph marked below applies to your case:

☐ The EEOC is closing your case. Therefore, your lawsuit under the ADEA **must be filed in federal or state court WITHIN 90 DAYS** of your receipt of this Notice. Otherwise, your right to sue based on the above-numbered charge will be lost.

☐ The EEOC is continuing its handling of your ADEA case. However, if 60 days have passed since the filing of the charge, you may file suit in federal or state court under the ADEA at this time.

**Equal Pay Act (EPA):** You already have the right to sue under the EPA (filing an EEOC charge is not required.) EPA suits must be brought in federal or state court within 2 years (3 years for willful violations) of the alleged EPA underpayment. This means that backpay due for any violations that occurred more than 2 years (3 years) before you file suit may not be collectible.

If you file suit, based on this charge, please send a copy of your court complaint to this office.

On behalf of the Commission

*Kenneth An*

APR 0 9 2013

Enclosures(s)

Feng K. An,
Acting Director

(Date Mailed)

cc:

**ATRIA SENIOR LIVING GROUP, INC**
One Hamilton Heights Drive
West Hartford, CT 06119

**David Cahill**
**CICCHIELLO & CICCHIELLO LLP**
Attorney at Law
364 Franklin Avenue
Hartford, CT 06114